<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARJAM SUPPLY COMPANY, | Civil Action No. 11-7119 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| FIRESTONE BUILDING PRODUCTS COMPANY, LLC, *et al.*, | |
| **Defendants.** | |

<u>F</u>ALK, U.S.M.J.

This matter comes before the Court upon Plaintiff's motion for leave to amend its Complaint. The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted.**

<u>BACKGROUND</u>

**A.  *Factual Background***

This is an action for secondary-line price discrimination under the Robinson-Patman Act ("RPA").[1]  Defendants Firestone Building Products Company, LLC and

---

[1] 15 U.S.C. § 13.

Firestone Diversified Products, LLC (collectively "Firestone") manufacture commercial roofing systems and related products ("Firestone Products") within the United States. (Compl. ¶ 16.)  Firestone markets and sells its Firestone Products through independently owned distributors and through manufacturer representatives.[2]  Distributors and manufacturer representatives are contractually assigned to specific geographic areas in which to market and sell Firestone Products.  (Id. ¶¶ 18, 22, 26.)

In 1995, Plaintiff Marjam Supply Company ("Marjam") became one of Firestone's distributors.  (Id. ¶ 55.)  According to Marjam, Defendant Allied Build Products Corp. ("Allied") and other distributors–namely non-parties ABC Supply Co., Inc. ("ABC") and Bradco Supply Corp.("Bradco")–directly competed with Marjam for the same business in various sales territories.  (Id. ¶¶ 34, 44, 49.)[3]  According to Marjam, its sales of Firestone Products grew exponentially from 1999 through 2009.  (Id. ¶ 66.)  Marjam claims, however, that in 2010 and 2011, its sales suddenly plummeted due to Firestone's pricing. (Id.)  Marjam contends that Firestone sold identical Firestone Products to Allied and the other distributors at prices that were significantly less than it charged Marjam.  (Id. ¶¶ 72-73.)  According to Marjam, it lost sales, profits and customers as a result of Firestone's actions.  (Id. ¶¶ 70, 83.)

## B.  Procedural History

On December 6, 2011, Marjam filed a Complaint asserting antitrust claims.  The seven count Complaint included claims against Firestone and two manufacturing representatives, Defendants Performance Roofing Associates, Inc. ("Performance") and

---

[2]According to the Complaint, manufacturer representatives market Firestone Products to members of the construction industry, *e.g.*, architects and contractors.  By contrast, distributors sell Firestone Products to third parties.  (Compl. ¶¶ 18, 23.)

[3]Plaintiff identified ABC and Bradco in its original complaint as distributors that competed for business, although they were not named as defendants.  By way of this motion, Plaintiff seeks to add ABC and Bradco as parties, as well as a third distributor, S&K Distribution, LLC d/b/a New Castle Building Products.

Roofing Specialties, Inc. ("RSI"), for violations of Sections 13(a) and (d) of the RPA (Counts One and Three), and claims against Allied, Performance and RSI for violations of Section 13(f) (Count Two).  The Complaint also contained various state law claims.[4]

On March 5, 2012, Defendants filed motions to dismiss the Complaint.  (CM/ECF. Nos. 18, 20.)  In an Order and Opinion on November 30, 2012, the Court granted in part and denied in part Defendants' motions.[5]  In so doing, the Court dismissed all of Marjam's claims against Allied, including its claim for violation of Section 13(f).  In dismissing the Section 13(f) claim, the Court noted that the section is "aimed at buyers, rather than sellers" and held that "[a]s currently pled, there are no facts which suggest that Allied . . . ever induced or received discriminatory prices for Firestone Products, much less that any of those actions were knowingly committed."  (CM/ECF. No. 38, 39.)

On December 12, 2012, Marjam filed a motion to stay a commercial arbitration proceeding with Firestone pending before the American Arbitration Association.  On January 7, 2013, the Court denied Marjam's motion.  (CM/ECF. No. 49.)

On April 4, 2013, the Court entered a Pretrial Scheduling Order pursuant to which discovery was set to close on January 1, 2014, and any motion to add new parties or to amend the pleadings were to be filed by July 15, 2013.  (CM/ECF No. 52.)  According to Marjam, Firestone failed to timely respond to discovery and Marjam requested an extension of time within which to amend.  The Court entered an Amended Pretrial Scheduling Order on July 26, 2013, directing Firestone to respond to Marjam's discovery no later than July 31, 2013, and extending the deadline to amend pleadings to September

---

[4]Marjam alleged the following state law causes of action: breach of fiduciary duty against Charles Golden ("Golden"), a former employee of Marjam, unfair competition against Firestone, Performance, RSI and Allied (Count Four), breach of employment agreement against Golden (Count Five), tortious inducement of breach of contract against Firestone, Performance, RSI and Allied (Count Six) and breach of the covenant of good faith and fair dealing against Firestone (Count Seven).

[5]Marjam voluntarily dismissed Count Seven.

23, 2013.  (CM/ECF. No. 65.)[6]  Following multiple conferences with the Court, Plaintiff filed its moving papers in compliance with the Court's November 20, 2013 Order. (CM/ECF No. 78.)

**C.  Motion to Amend the Complaint**

Marjam seeks leave to amend its Complaint to add claims for unlawful price discrimination against four new parties—three distributors and a related entity of Firestone.  Specifically, Marjam seeks to allege violations of 13(f) against distributors ABC, Bradco, and S&K Distribution, LLC d/b/a New Castle Building Products ("New Castle") (collectively "Distributors").  Marjam also seeks to assert violations of Sections 13(a) and (d) against a Genflex Roofing Products, LLC ("Genflex"), a related entity of Firestone from which Marjam purchased and distributed Genflex brand products.[7]

Marjam argues that the proposed Amended Complaint is more factually detailed and contains viable claims under the RPA.  (Plaintiff's Brief in Support ("Pl.'s Br.") 5-11.)  Asserting alleged instances of unlawful price discrimination by Distributors and Genflex, Marjam contends that the proposed Amended Complaint sets forth sufficient facts to state a claim for relief.  Marjam asserts that the proposed claims against the Distributors are not futile because they are not based on the same allegations which resulted in the dismissal of the Section 13(f) claim against Allied; instead, Marjam claims to have pled new and additional facts gleaned from documents most recently produced by Firestone.  Marjam also maintains that it did not unduly delay in seeking to amend its

---

[6]The Court's Order detailed a procedure for amendment.  Specifically, the Court instructed the party seeking to amend to circulate the proposed pleading on or before September 23, 2013, and that if there were no objection, to file the pleading.  (CM/ECF No. 65.)  Marjam circulated its proposed Amended Complaint September 23, 2013, to which Firestone objected.  Thereafter, the Court instructed the parties to submit briefing on the matter.

[7]Marjam alleges in its proposed pleading that commencing in 2011, Genflex sold products to purchasers at significantly less prices than those made available to Marjam and granted purchasers discounts and rebates on the sale of Genflex products which were not made available to Marjam. (Proposed Am.Compl. ¶¶ 93-94, 117-132, and 148-154.)

pleading.  Marjam claims it only received the discovery that supports its claims in July and August 2013, and that it complied with the Court's procedure and September 23, 2013 deadline with respect to seeking leave to amend.  (CM/ECF No. 65.)  Finally, Marjam contends that Firestone will not be prejudiced by the amendment.  Alleging that it was Firestone's initial delay in furnishing discovery that resulted in the extension of the deadline to amend, Marjam maintains that Firestone cannot now claim prejudice.

Firestone opposes the motion arguing that Marjam unduly delayed in seeking leave to amend and that Firestone would be prejudiced by the addition of the Distributors as defendants in the case.  Noting that the Complaint was filed some two years ago and that discovery is set to close on April 1, 2014, Firestone claims that it will be prejudiced if Marjam is permitted to add three new distributors as parties at this stage of the litigation. Pointing out that it is the only defendant currently in the case and only Section 13(a) and (d) claims remain against it, Firestone argues that the addition of the Distributors would likely result in the extension of discovery and an increase of its defense costs.  Firestone also contends that the claims Marjam seeks to assert against the Distributors for violation of Section 13(f) would be futile as similar claims against Allied have already been dismissed on motion.  Lastly, Firestone maintains that any claims against GenFlex would be futile as the company was merged out of existence on December 31, 2010.

## DISCUSSION

**A.  *Legal Standard for Amendment***

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a).  Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is:  (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The ultimate decision to grant or

deny leave to amend is a matter committed to the Court's sound discretion.  See, e.g.,
Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).

The futility analysis on a motion to amend is essentially the same as a Rule
12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002)
("An amendment would be futile when 'the complaint, as amended, would fail to state a
claim upon which relief could be granted.'").  For a complaint to survive dismissal, it
"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'"  Ashcroft v. Iqbal,  556 U.S. 662 (2009) (citing Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570, (2007)).  Given the liberal standard for the amendment of
pleadings, "courts place a heavy burden on opponents who wish to declare a proposed
amendment futile."  See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau
Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted).  Thus, "[i]f a
proposed amendment is not *clearly* futile, then denial of leave to amend is improper."
Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990)
(emphasis added); see also 6 Wright, Miller & Kane Federal Practice and Procedure,
§1487 (2d ed. 1990).

**B.  *The Proposed Amended Complaint***

The issue before the Court is whether Marjam unduly delayed in seeking leave to
amend and whether the proposed claims are futile.

1.  Timliness of Marjam's motion

Marjam did not unduly delay in seeking leave to amend.  First, the July 26, 2013
Amended Pretrial Scheduling Order extended the deadline to amend pleadings to
September 23, 2013.  (CM/ECF. No. 65.)   Marjam sought leave to amend its pleading by
the date and in compliance with the directives contained in the Court's Order.  Second,
according to Marjam, it only learned of the facts which would support its claims from the
discovery furnished by Firestone in July and August 2013.  (Plaintiff's Reply Brief ("Pl.'s
Reply") 5-6.)  It is conceivable that it could take Marjam a month to cull through

documents and prepare its amended pleading.  Furthermore, discovery did not open until April 4, 2013, after the Court decided motions to dismiss and other pretrial motions. Third, Firestone participated in a meet and confer with Marjam and agreed that September 23, 2013, would be the new date for amending pleadings.  (Pl.'s Reply 2.) Most importantly, Firestone has not demonstrated any actual prejudice by the timing of Marjam's motion.  Any additional discovery necessitated by the addition of the parties will likely require only a short extension of the discovery end date.

      2.  <u>Futility</u>

Marjam's proposed claims for violation of § 13(f) of the RPA against Distributors are not so "clearly futile" so as to deny the motion to amend.  <u>Harrison Beverage Co.</u>, 133 F.R.D. at 468.  15 U.S.C. § 13(f) states that "...(i)t shall be unlawful for any person engaged in commerce, in the course of such commerce, knowingly to induce or receive a discrimination in price which is prohibited by this section."

Here, Marjam alleges in Count Three additional basic facts that the Distributors knowingly induced and/or knowingly received price discriminations from Firestone in violation of Section 13(f).  (Am. Compl. ¶¶ 134-146.)  In addition to the conclusory allegations that the Distributors knew or induced the pricing, Plaintiff now pleads specific conduct relative to each of the Distributors.  For example, Marjam alleges that Bradco knowingly induced or received additional incentives which were implemented at Bradco's urging.  (Am. Compl. ¶¶ 135-138.)  In particular, Marjam alleges that Bradco solicited Firestone to reduce "gates" so that it could achieve the same incentive dollars it had made the prior year despite business being down.  (Am. Compl. ¶ 135.)   Marjam also names particular products, identifies the forms and percentages of price advantages, and specifies the years involved in the alleged pricing discrimination.  Alleging that ABC acquired Bradco in 2010, Marjam pleads that ABC similarly knowingly induced or received discriminatory pricing in the form of incentive rebates at a rate significantly better than Marjam.  (Am. Compl. ¶¶ 139.)  In support of its price claims against New

Castle, Marjam's proposed amended complaint asserts that New Castle received
discrimination in the form of rebates as well as favorable extended payment terms.  (Am.
Compl. ¶¶ 140-141.)  Thus, the Court finds that Marjam has sufficiently alleged its
Section13(f) claims against the Distributors to satisfy the minimal notice pleading
requirement encompassed in the Rules, as well as the plausibility threshold addressed in
Ashcroft and Twombly.[8]

Marjam seeks to amend its Complaint to assert violations of Sections 13(a) and
13(d) of the RPA against Genflex.  According to documents supplied by Firestone,
Genflex was "merged out of existence" on December 31, 2010.  (Defendant's Brief 15;
Declaration of Christopher Viceconte, Ex. A.)  Firestone therefore alleges that any claims
against Genflex would be futile.  However, according to Marjam, Genflex executed a
settlement agreement with Marjam in August 2013, pursuant to which Marjam paid
Genflex more than $71,000 for product purchases.  (Pl.'s Reply 12; Declaration of L.
Sharon, Esq., Ex. Q.)  Marjam also states that Firestone did not disclose that Genflex was
no longer a viable entity at the time the parties entered into the settlement agreement.
(Pl.'s Reply 22.)  Finally, Marjam points out that Firestone's opposition is silent on
whether it has assumed Genflex's liabilities.  (Id.)  Given the factual conflict surrounding
Genflex's current status, whether as a division, business unit or some other form within
Firestone, the Court will permit Marjam to assert its RPA claims against it.


### CONCLUSION

For the reasons set forth above, Marjam's motion to amend is **granted.**

---

[8]The Court's ruling here does not preclude the Distributors from filing a motion to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6) nor does it bear on the likelihood of success on such a
motion.

 s/Mark Falk

**MARK FALK**

**Dated: April 4, 2014**         **United States Magistrate Judge**